## FRED C. KETTER v. SCIOTO CO. (COMRS.).

1. FEES FOR MAKING SERVICE AND RETURN ON WRITS IN CONVEYING PRISONERS TO WORKHOUSE PAYABLE OUT OF COUNTY TREASURY.

While Rev. Stat. 1230 (Lan. 2601), allows thirty- cents for making service and return on each writ in conveying sentenced prisoners to the workhouse in Cincinnati, Ohio, there is no provision therein for payment from the county treasury but Rev. Stat. 2101 (Lan. 3433; B. 1536-372), provides for the allowance of such fees, and that the same be paid out of the county treasury.

2. COMPENSATION FOR CONVEYING PERSONS TO ATHENS ASYLUM.

Revised Statutes 719 (Lan. 1190) as amended 97 O. L. 296, passed April 23, 1904, includes all compensation to which a sheriff is entitled for conveying persons to the asylum at Athens, Ohio, upon the warrant of a probate judge.

[For other cases in point, see 5 Cyc. Dig., "Hospitals," §§ 45-47; "Insane Persons," §§ 188-193; 7 Cyc. Dig., "Sheriffs," §§ 36, 37.—Ed.]

3. SHERIFF HAS NO RECOURSE FOR PAYMENT OF FEES FOR COMMITTING TO JAIL OTHER THAN UNDER REV. STAT. 1231 (LAN. 2606).

Revised Statutes 1230 (Lan. 2601) allows sixty cents for committing persons to jail and discharging them therefrom, but it is not available to the officer for the reason stated in the first clause above. Revised Statutes 1230b (Lan. 2603) provides for such allowance, and that it shall be paid out of the county treasury, but said section is in conflict with that part of Sec. 26, Art. 2 of the constitution which provides that "All laws of a general nature shall have a uniform operation throughout the state" and is therefore unconstitutional and void, and the sheriff has no recourse for such services other than is found in Rev. Stat. 1231 (Lan. 2606).

[For other cases in point, see 7 Cyc. Dig., "Sheriffs," §§ 36, 37.—Ed.]
[Syllabus by the court.]

ERROR to Scioto common pleas court.

**F. C. Moulton,** for plaintiff in error.

**H. W. Miller,** prosecuting attorney, for defendant in error:

Right of commissioners to maintain action in their own name. *Hamilton Co. (Comrs.)* v. *Noyes,* 36 Ohio St. 201; *Jones* v *Commissioners,* 5 Circ. Dec. 152 (11 R. 136); *Jones* v. *Lucas Co. (Comrs.)* 57 Ohio St. 189 [48 N. E. Rep. 882; 63 Am. St. Rep. 710].

If the officer draws an illegal fee how can it be recovered back? *Debolt* v. *Cincinnati Tp. (Tr.)* 7 Ohio St. 237; *Anderson* v. *Jefferson Co. (Comrs.)* 25 Ohio St. 13; *Strawn* v. *Columbia Co. (Comrs.)* 47 Ohio St. 408 [26 N. E. Rep. 635]; *Jones* v. *Lucas Co. (Comrs.)* 57 Ohio St. 189 [48 N. E. Rep. 882; 63 Am. St. Rep. 710].

Is the sheriff entitled to fifty cents for committing and discharging persons from prisons? *Tuall* v. *Commissioners,* 4 Dec. 318 (3 N. P. 112).

## CHERRINGTON, J.

The suit below was by the commissioners of Scioto county, Ohio, to recover from Ketter, who was the duly elected, qualified and acting sheriff of this county, certain sums he had collected, viz.: fees which were collected and taken from the treasury of Scioto county, claimed to be without warrant or provision of law.

The petition contains six causes of action. Certain arrangements were made as to three of the causes, after the institution of suit and after disposition of demurrers to them respectively, which are now out of the case, and there are left simply the first, fourth and sixth causes of action.

The defendant demurred to each of the three causes, assigning two grounds:

First. That plaintiff had no legal capacity to sue.

Second. That neither of the causes stated facts sufficient to constitute a cause of action.

The court overruled the demurrer to each of these causes and entered up judgment for the commissioners.

Error is prosecuted here, and it is claimed the court erred in overruling the demurrer on each ground stated in the demurrer.

And first, as to whether or not the commissioners have capacity to sue, it is sufficient to say that Rev. Stat. 845 (Lan. 2104) expressly confers authority upon the commissioners to sue in this and like cases.

The next question is, as to whether or not the several causes of action, or either of them, state facts sufficient to constitute a cause of action.

Counsel have argued at length, both orally and on briefs, referring to various sections of the statutes, which it is claimed govern this case, but I will not undertake to follow the line of the argument, because it would be very troublesome to do so—to refer to these various sections of the statutes; and it must be admitted that the statutes of Ohio on this subject are in a confused, and I may say, a somewhat incoherent condition, and I will do little more than briefly refer to the sections which we think control in the case; and it would be well in the beginning to bear in mind that the sheriff and other officers of the county are entitled to just such fees and compensation as are provided by statute, and none other.

Now, the first cause of action was to recover twenty-five cents which

Ketter v. Commissioners.

the sheriff had charged on each writ for making service and return thereof in conveying sentenced prisoners to the workhouse in Cincinnati, Ohio.

Counsel for the sheriff claim that he is entitled under Rev. Stat. 1230 (Lan. 2601) to the amount charged. Revised Statutes 1230 (Lan. 2601) provides that he shall have for levying and serving of each writ, not only twenty-five cents which he has charged, but thirty cents; but when you follow out the section of the statute it will be discovered that there is no provision for payment from the county treasury. So this is not an available section as far as payment is concerned to the officer.

Then the question is, whether there is any other section which provides how the payment shall be made. Revised Statutes 2101 (Lan. 3433; B. 1536-372), provides:

"The officer having the execution of the final sentence of any court, magistrate, or mayor, shall cause the convict to be conveyed to the workhouse as soon as practicable after the sentence is pronounced; and all officers shall be paid the fees therefor allowed by law for similar services in other cases, such fees to be paid when the sentence is by the court, out of the county treasury, and when by the magistrate, out of the township treasury."

That seems to be a general statute, and we think it gives ample provision for the payment of not only twenty-five cents which he has charged under Rev. Stat. 1230 (Lan. 2601), but thirty cents.

Revised Statutes 6801a (Lan. 10395), which the prosecuting attorney cites as exclusive of and superseding Rev. Stat. 1230 (Lan. 2601), allows six cents for transporting a prisoner to the workhouse and nothing more. But it will be observed that that section provides for the transportation of such persons where it is done under an agreement between the commissioners of the county where the conviction took place, and where it has no workhouse, and the proper authority in another county where a workhouse is located. And it seems to provide simply for the transporation and nothing further.

"And the sheriff or other officer transporting any person to such workhouse shall have the following fees therefor:" i. e., for transportation six cents per mile, etc. So that is not exclusive. We think, harmonizing and construing Rev. Stat. 1230, 2101 (Lan. 2601, 3433) together, that he is entitled to such service as he has charged, and that the court erred in overruling the demurrer to the first cause of action.

The fourth cause of action is for serving and returning warrants to convey certain persons to the asylum at Athens, Ohio.

We think Rev. Stat. 719 (Lan. 1190) as amended 97 O. L. 296,

Scioto County.

passed April 23, 1904, is decisive of, and conclusive as to that matter. That provides for payment—"to the sheriff, or other person, other than assistant, for taking an insane person to a state hospital, or removing one therefrom upon a warrant of the probate judge, mileage at the rate of five cents per mile, going and returning, and seventy-five cents per day for support, and mileage at the rate of three cents per mile for the railway transportation of each patient to and from the hospital, and to one assistant five cents per mile each way, and nothing more, for said service, the number of miles to be computed in all cases by the nearest route traveled."

We are satisfied it was the intention of the legislature that this section should cover all compensation to which the sheriff was entitled, as stated herein, and that it does not include the charge made in the fourth cause of action, and the demurrer thereto, and judgment thereon was proper.

The sixth cause of action are charges for committing persons to jail and discharging them therefrom. The only section we can find bearing upon this subject is the original Rev. Stat. 1230 (Lan. 2601). There were others cited, but we do not think they apply.

Now Rev. Stat. 1230 (Lan. 2601) allows for such charges, sixty cents, but as in the first cause of action stated, there is no provision as to how it shall be paid. There is no provision that it shall be paid out of the county treasury or otherwise. So that is not available to the sheriff, and we know of no other valid section allowing and providing for this matter.

Revised Statutes 1230b (Lan. 2603) does provide for this allowance and that it shall be paid out of the county treasury, but it will be noticed that it applies to a certain class of counties only, and it is an act attempting to classify counties.

"In all counties which at the last federal census had a population of 22,500 or more, and for which there is no provision made by law for the payment of the sheriff, he shall receive the following fees and compensation."

The sheriff is allowed in that twenty-five cents for service charged, or allowed at least what he has charged, and it is provided that that shall be paid out of the county treasury.

Now, if that was a valid statute, the charge would be a proper one; but we are satisfied that it is unconstitutional and void, and the sheriff will have no recourse except under Rev. Stat. 1231 (Lan. 2606), which provides that:

"The court of common pleas in each county shall make an allow-

Ketter v. Commissioners.

ance of not more than $300, per annum, for the sheriff, for services in criminal cases, where the state fails to convict, or the defendants prove insolvent, and for other services not particularly provided for, to be paid out of the county treasury."

So we are compelled to hold that the judgment in the fourth and sixth causes of action was correct, but in the first being wrong, it will require a reversal of the entire judgment, unless counsel should prefer that it be modified and affirmed as modified.

Jones and Walters, JJ., concur.

---

## ACCORD AND SATISFACTION—MARRIAGE.

[Miami (2nd) Circuit Court, April, 1904.]

Sullivan, Wilson and Dustin, JJ

WILLIAM H. CONARD V. ALMIRA BARE.

COMPROMISE OF BREACH OF PROMISE OF MARRIAGE NOT ENFORCIBLE WHERE PARTY GIVES UP NO RIGHTS BY REASON THEREOF.

An agreement by the terms of which one party agrees to pay the other a sum of money and each agrees to release the other from all obligations on a breach of contract of marriage, is not enforcible as an accord and satisfaction against the party promising to pay, when the plaintiff shows no right nor advantage yielded up by reason of the agreement.

[For other cases in point, see 1 Cyc. Dig., "Accord and Satisfaction," §§ 7-10.—Ed.]

[Syllabus approved by the court.]

R. J. Smith, for plaintiff.

A. F. Broomhall, for defendant.

DUSTIN, J.

October 9, 1903, plaintiff and defendant executed the following:

"This agreement entered into this ninth day of October, 1903, between William H. Conard and Almira Bare, both of Miami county, Ohio, witnesseth:

"That whereas said parties have heretofore on or about February 15, 1903, entered into a contract of marriage, and on or about September 19, 1903, said Almira Bare did notify said William H. Conard that she refused to carry out said contract of marriage with him, by reason of which said William H. Conard claims to be injured in his feelings and property, etc., and the parties hereto having mutually agreed to the amount of compensation to be paid said William H. Conard for his damages sustained by reason of the breaking of said contract, in the